#### UNITED STATES DISTRICT COURT
#### DISTRICT OF PUERTO RICO

**ISRAEL LOPEZ VARGAS,**
Plaintiff,

v.  CIVIL NO. 05-2271(DRD)

**COMMISSIONER OF SOCIAL SECURITY,**
Defendant

### ORDER REMANDING CASE

This is an appeal of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), denying plaintiff's, Israel Lopez Vargas, claims for disability benefits. Now, pending before the Court is the Commissioner's *Motion to Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g)*.

Plaintiff's complaint was filed on December 8, 2005 and was served upon defendant on December 22, 2005. Pursuant to Fed.R.Civ.P. 12(a), the Commissioner's answer was due sixty (60) days after service of the complaint – that is, on or before February 21, 2006. The Commissioner is to also file along with the answer a certified copy of the transcript of the record including all the evidence upon which the findings and decision complained of are based. However, the Commissioner did not comply with the deadline and did not file the answer and/or transcript by said date. Subsequently, on February 27, 2006, the Commissioner filed the present *Motion to Remand* the case pursuant to 42 U.S.C. § 405(g) arguing that "[t]he Office of Hearings and Appeals has advised the Commissioner that it cannot locate the claim file". *Motion* at 1, ¶ 2.

It is unquestionable that the Commissioner failed to timely file an answer as explicitly required by Fed.R.Civ.P. 12(a). Moreover, the Commissioner did not file a timely motion for an extension of time to comply as required by Fed.R.Civ.P. 6. Notwithstanding, even though the Court knows the Commissioner is, thus, in default within the meaning of Fed.R.Civ.P. 55(a), the Court cannot enter judgment in default against the Untied States "unless the claimant established his claim or right to relief by evidence satisfactory to the Court." Alameda v. Secretary of Health, Education and Welfare, 622 F.2d 1044 (1st Cir. 1980); *see also* Fed.R.Civ.P. 55(e). The Court, nonetheless, is not without resources of a compulsory nature to force the Commissioner to comply with its statutory and procedural obligations in order to expedite these proceedings. *See* Alameda, 622 F.2d at 1047.

The Commissioner, however, explains to the Court that additional time is necessary in order for the claim file to be located and the appropriate documents translated once found. Hence, the Commissioner understands that it has complied with the good cause required for remand within 42 U.S.C. § 405(g). The Commissioner even cites the legislative history of this statute in support of its proposition wherein it is clearly shown that the intent of the committee was that such procedural defects (such as lost taper recordings or inaudible tapes that may not be transcribed or where the claimant's files cannot be located or are incomplete) may be considered "good cause" for remand.

*See* H.R. Rep. No. 96-944, 96th Cong.2d Sess. 59 (1980).

Even though the Court reads the statute in the context of the language of the statute (which requires good cause to be *shown*) as requiring some fact-specific showing with respect to the circumstances leading to the unavailability of the record, as a practical matter, proper judicial review of this case is not possible without said records.  Hence, in order to protect Mr. Lopez Vargas's right to a judicial review, the Court finds inevitable the necessity to remand the case in order for the Commissioner to locate the record or conduct a *de novo* hearing should the record not be found.

For the reasons stated above, the Commissioner's request to remand the instant case (Docket No. 7) is **GRANTED**.  Accordingly, this case is **REMANDED** to the Social Security Commission.  Should the record not be located, a hearing *de novo* must take place.  The appropriate remedy is to be provided by the Commissioner and such remedy may, then, be subject of a new appeal.

Judgment will be issued accordingly.  This case is **DISMISSED WITHOUT PREJUDICE**, and, thus, closed for all administrative purposes.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February of 2006.

s/ Daniel R. Dominguez  
**DANIEL R. DOMINGUEZ**  
**U.S. DISTRICT JUDGE**